# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:14-CR-38-TLS-SLC |
| MIGUEL VERDUZCO VELAZQUEZ | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) [ECF No. 74]. Defendant pleaded guilty to one count of Possession with Intent to Distribute 1 Kilogram or More of Heroin under 21 U.S.C. § 841(a)(1), and one count of Illegally Reentering the United States under 8 U.S.C. § 1326(a), (b)(2) [ECF No. 50]. Defendant was sentenced to 180 months imprisonment on June 23, 2016 [ECF No. 71].

There are limited grounds to revisit a sentence after it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the

defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

The Defendant argues that he should receive the benefit of Amendment 782 of the Sentencing Guidelines, which reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1(c). *See* U.S.S.G. Suppl. to App'x C at 59–63 (2018). This amendment took effect on November 1, 2014. *Id.* at 69.

Prior to the enactment of Amendment 782, the base offense level for a conviction of possession with intent to distribute 1 kilogram or more, but less than 3 kilograms, of heroin under 21 U.S.C. § 841(a)(1) was 32 as set out in U.S.S.G. § 2D1.1(c)(5). *See* U.S.S.G. Suppl. to App'x C at 60. Amendment 782 reduced this base offense level to 30. *Id.* Defendant's sentence was calculated on June 23, 2016, using a base offense level of 30 for his conviction under 21 U.S.C. § 841(a)(1) [ECF No. 67 at 7], and thus he has already received the benefit of this amendment when he was sentenced over two years after it took effect. Because Defendant has failed to meet step one, establishing that he was subject to a "sentencing range that has subsequently been lowered," the Court need not further analyze the application of the policy statements issued by the Sentencing Commission or Defendant's arguments regarding the application of the 18 U.S.C. § 3553(a) factors.

## CONCLUSION

Based on the above, the Court DENIES Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) [ECF No. 74].

SO ORDERED on March 20, 2020.

                                          s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT